Wallace R. Chandler, Jr.
vs.
Providence Journal Company

Law No. 67427

RESCRIPT
January 3, 1927

TANNER, P. J. This is an action of libel and is heard upon demurrer to the second, third and fourth special pleas of the defendant, and also upon motion to strike out certain portions of the second plea.

The second special plea is in substance a plea of the truth of the alleged libel.

The sting of the alleged libel was the publication by the defendant of a comment by one Kendall that, apparently there were forces at work which were not entirely on the surface which led to the nolle prossing of a criminal information against one Benson. In pleading the truth of this charge in said second special plea, the defendant has stated that it as also true that the reasons for the entry of said nolle presequi were not patent, explicable and fully known.

We do not think that this plea of the truth meets the alleged libel. The libel alleged in the declaration is susceptible of a charge of corrupt motive. The allegation of truth in the plea softens the charge to one that the reasons for the nolle prosequi were merely not understandable.

The demurrer upon this ground is therefore sustained.

The allegation in said plea that the publication did not intend to cause it to be believed that the plaintiff had conducted himself dishonestly, improperly or corruptly, or acted from improper or corrupt motives, is irrevelant on the question of truth alone. It might be revelant upon the question of truth alone. It might be relevant upon the question of malice under the constitutional and statutory requirement that the truth must not be maliciously spoken. Inasmuch, however, as there is the general allegation of lack of malice at the end of the plea, we think this particular allegation here considered is superfious and should be stricken out.

The allegation in said second special plea that the language complained of was not reasonably susceptible of such interpretation is a mere repeti-

tion of the demurrer to the declaration which has already been overruled. The motion to strike it out is therefore granted.

The third plea is one of fair comment. It is demurred to substantially upon the ground that the comment upon the sting of the declaration referred to in the second plea goes beyond fair comment in that it is not merely a comment upon the plaintiff's actions but is improper comment upon his motives. If this comment did unnecessarily criticize the motives of the plaintiff, we should think that the demurrer was good. The article, however, does not explicitly allege any corrupt motive in the plaintiff and is merely a very terse and moderate comment upon the facts of the action of the plaintiff in nolle prossing one case in which the evidence was the same as that in several other cases where the defendants pleaded nolo and were fined.

We do not think we can say as a matter of law that the allegation which we have called the sting of the libel was or was not fair comment. We think it is rather a question for the jury.

Coburn, C. J. said. "I think the fair position in which the law may be settled is this: that where the public conduct of a public man is open to animadversion, and the writer who is commenting upon it makes imputations on his motives which arise fairly and legitimately out of his conduct, so that the jury shall saw that the criticism was not only honest but also well founded, an action is not maintainable. But it is not because a public writer fancies that the conduct of a public man is open to the suspicion of dishonesty he is therefore justified in assailing his character as dishonest."

Newell on Slander & Libel, page 530.

We think the demurrer to said third plea because it is alleged that the defendant believed and had reasonable cause for believing that all statements of fact were true should not be sustained, because it is essential that fair comment shall not be malicious and the allegations last spoken of tend to show that the comment was not malicious.

The demurrer to the fourth plea is overruled for the reasons stated in considering the third plea.

For plaintiff: Wilson, Churchill & Curtis.

For defendant: Edwards & Angell.